IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD TITLBACH,

    Petitioner,

v.                                                          CASE NO. 19-3023-JWL

NICOLE ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses the Petition as legally frivolous.

**Background**

On March 6, 2001, a jury found Petitioner guilty of federal drug violations. On December 19, 2002, he was sentenced to a term of life without the possibility of parole with a 10-year term of supervised release, and a concurrent 960-month sentence with a 12-year term of supervised release. Petitioner appealed, and the Eighth Circuit Court of Appeals affirmed the life sentence and remanded the concurrent sentence to correct the sentence from 80 years to 60 years. On November 8, 2004, Petitioner filed a § 2255 motion, which was dismissed on December 4, 2006. Petitioner was denied a Certificate of Appealability.

Petitioner brings the instant petition alleging that he has been falsely imprisoned for more than nineteen years, because although the district court had jurisdiction under Title 18 U.S.C. to prosecute and sentence him, the district court did not have jurisdiction to order him detained and imprisoned. Petitioner argues that because Public Law 80–772 was not properly enacted, his

imprisonment is in violation of 18 U.S.C. § 4001 which states that "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress."

**Analysis**

The federal courts may issue a writ of habeas corpus only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under governing provisions, the Court must review habeas corpus petitions promptly and must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254; *see id.* at Rule 1(b) (allowing the district court to apply rules to petitions filed under other sections).

Petitioner argues that Article 1, § 5, Clause 1 of the Constitution requires the presence of a majority of each house to be present before business can be conducted. He argues that H.R. 3190 was passed without a quorum in the House and forwarded to the Senate where it was passed with suggested amendments and became Public Law 80–772. Petitioner argues that the next day—June 20, 1948—a concurrent resolution (Joint Resolution 219) was passed stating that notwithstanding the adjournment of the two houses until December 31, 1948, the Speaker of the House and the President of the Senate are authorized to sign enrolled bills and joint resolutions duly passed by the two houses and found truly enrolled. Petitioner argues that on that same day, the House concurred on the Senate's amendments to Public Law 80–772 and promptly adjourned without attending the signing of the bill. Petitioner argues there is no record of a quorum being present to concur on the Senate's amendments. Petitioner further argues that Joint Resolution 219 was not validly passed either, because Congress had adjourned on June 19, 1948, and was not in session when the resolution was allegedly passed on June 20th or when the bill was

signed on June 25th.

Section 3231 provides in pertinent part that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Section 4001(a) provides that "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001(a). Petitioner attempts to angle his argument through 18 U.S.C. § 4001, presumably because arguments attacking § 3231 have been universally rejected as frivolous. *See, e.g., United States v. Armijo*, 314 F. App'x 113, 114 (10th Cir. 2008) (unpublished) (finding contention that § 3231 was not validly enacted is meritless); *Cheatham-Bey v. U.S. Dep't of Justice*, 2008 WL 4951035, at * (D. Kan. Nov. 18, 2008) (where plaintiff alleged that Public Law 80–772, 18 U.S.C. § 3231, was never enacted into law, court held that claim was "patently frivolous" and has been uniformly rejected) (citations omitted).

In *United States v. Risquet*, defendant argued that his conviction is invalid because the statute relied upon for district court subject-matter jurisdiction, 18 U.S.C. § 3231, never passed both houses of Congress in 1948 and is thus void. *United States v. Risquet*, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006). Defendant argued that, "because of a defect in the 1948 passage of Public Law 80–772, § 3231 as well as all subsequently enacted statutes which rely upon § 3231 for district court jurisdiction are similarly invalid." *Id*. The court in *Risquet* held that "[t]he 1948 amendment to § 3231 passed both houses of Congress and was signed into law by President Truman on June 25, 1948." *Id*. The court noted that defendant "offered no legitimate case law to the contrary" and that the Supreme Court's "discussion and application of 18 U.S.C. § 3231 refute Defendant's assertions." *Id*. (citations omitted). The court in *Risquet* also found that "[e]ven if the 1948 amendment to § 3231 were somehow defective, this court would retain jurisdiction over

3

this case because the predecessor to § 3231, which Defendant does not challenge, provides for such jurisdiction as well." *Id*. at 311–12.

Despite Petitioner's acknowledgement that an argument for the invalidity of § 3231 is not viable, his argument nevertheless relies on a finding that Public Law 80–772 was not properly passed. Courts have refused to make such a finding. In *Cardenas-Celestino v. United States*, defendant argued that Public Law 80–772 was not properly passed because "a different bill was passed by the Senate than that passed by the House of Representatives; that the bill signed into law was never ratified; and that Congress was adjourned when the bill was purportedly passed." *Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008). The court in *Cardenas-Celestino* found that:

> This claim is part of a new rash of frivolous claims raised by prisoners across the country, many of whom have copied the arguments directly from Internet Websites which propound the argument and [were] developed by a Texas firm, International Legal Services. [1] All of these allegations concerning the supposed irregular adoption of Public Law 80–772 have been firmly denied by every court to address them. The Supreme Court denied all the petitions presented by International Legal Services and those associated with them. *See In re Von Kahl*, 552 U.S. 988, 128 S. Ct. 520, 169 L.Ed.2d 369 (2007) (denying writ of habeas corpus raising these same arguments) (*rehearing denied,* 552 U.S. 1159, 128 S. Ct. 1113, 169 L.Ed.2d 842 (2008)); *In re Miles*, 552 U.S. 1037, 128 S. Ct. 689, 169 L.Ed.2d 540 (2007) (same), *rehearing denied,* 552 U.S. 1225, 128 S. Ct. 1338, 170 L.Ed.2d 145 (2008).
>
> Two federal circuit courts have recently addressed the various arguments concerning the constitutionality of the manner in which Public Law 80–772 was enacted, and both have concluded that these challenges are meritless. *See United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (argument "that Title 18—the federal criminal code—is unconstitutional because of supposed irregularities in its enactment" is "unbelievably frivolous"); *United States v. Campbell*, 221 Fed. Appx. 459, 461 (7th Cir. 2007) (claim that Title 18 was not

---

[1] *See* Chuck Lindell, *Ex-convict Appeals to Inmates' Hopes for Freedom,* Austin American Statesman (Texas), October 28, 2007 Sunday, A01; *see also, i.e.,* www.nocriminalcode.us: http://www.intlegalservices.com/AprilNewsletter.html.

properly enacted is "factually incorrect"); *United States v. Potts*, 251 Fed. Appx. 109, 111 (3d Cir. 2007) (18 U.S.C. § 3231 was "properly enacted and is binding"; arguments to the contrary are "frivolous"); *Benjamin v. Miner*, 256 Fed. Appx. 554, 555 (3d Cir. 2007) ("there is no merit to Benjamin's assertion that both houses of Congress did not properly enact 18 U.S.C. § 3231"); *United States v. Johnson*, 270 Fed. Appx. 191, 2008 WL 761109 (3d Cir.2008) ([t]he statute relied upon for jurisdiction [§ 3231] in this case was properly enacted and is binding).

Cardenas–Celestino's frivolous claims have been routinely rejected out of hand by an extremely large number of district court[s], some of which have provided a thorough debunking of his particular arguments about the enactment of Public Law 80–772. *See United States v. McCuiston*, CR. No. C–04–676, C.A. No. C–07–I93, 2007 WL 2688502 (S.D. Tex. Sept. 12, 2007); *United States v. Felipe*, CR. No. 05–711–1, Civ. A. No. 07–061, 2007 WL 2207804, at *2 (E.D. Pa. July 30, 2007) ("There was no *sine die* recess between the votes of the House and Senate; rather, there was an inter-session adjournment between these events"); *United States v. Martinez*, CR No. C–04–157, C.A. No. C–05–423, 2006 WL 1293261 (S.D. Tex. May 6, 2006); *Derleth v. United States*, Crim. No. L–03–1745–6, Civ. No. L–05–205, 2006 WL 1804618 (S.D. Tex. June 27, 2006); *Mullican v. Stine*, Civ. A. No. 07–129–KKC, 2007 WL 1193534 (E.D. Ky. Apr. 23, 2007); *Campbell v. Gonzalez*, Civ. A. No. 07–36–GFVT, 2007 WL 1035021 (E.D. Ky. Mar. 29, 2007); *Cullum v. Fox*, Civ. A. No. 1:06cv309, 2006 WL 3691170 (E.D. Tex. Dec. 11, 2006); *Bledsoe v. Levi*, Civ. A. No. 07–4543, 2007 WL 3408449 (E.D. Pa. Nov. 15, 2007); *Goncalves v. Gonzales*, Civ. A. No. 06–CV–275–GFVT, 2007 WL 628142 (E.D. Ky. Feb. 26, 2007); *Lister v. United States*, Nos. 3:06–CV–1355–N, 3:03–CR–374–N, 2006 WL 3751324 (N.D. Tex. Dec. 20, 2006*); Irizarry v. United States*, Crim. No. 05–44–4, Civ. A. No. 06–05333, 2007 WL 1720429 (E.D. Pa. June 11, 2007); *Laroque v. United States*, Crim. No. 2:04–81, Civ. No. 2:05–104, 2007 WL 1652260 (D.N.D. June 7, 2007); *United States v. Castaneda*, Crim. No. 04–500016–004, Civ. No. 07–5070, 2007 WL 3094377 (W.D. Ark., Oct. 19, 2007); *Little v. Levi*, Civ. A. No. 07–4604, 2007 WL 4255265 (E.D. Pa. Nov. 29, 2007); *Goodman v. Levi*, Civ. A. 07–4838, 2007 WL 4241894 (E.D. Pa. Nov. 29, 2007); *United States v. Ferguson*, No. 1:07–CR–70, 2007 WL 2908765 (E.D. Tex. Oct. 5, 2007); *United States v. Castaneda*, No. 07–5070, 2007 WL 3094377 (W.D. Ark. Oct. 19, 2007); *Charles v. Levi*, Civ. A. No. 07–4521, 2007 WL 3408446 (E.D. Pa. Nov. 15, 2007); *United States v. Cuevas–Arredondo*, No. 8:05CR325, 2008 WL 80127 (D. Neb. Jan. 4, 2008).

*Cardenas-Celestino*, 552 F. Supp. 2d at 966–67. The court went on to find that even if defendant's allegations were true, "that would merely mean that the predecessor statute to 18 U.S.C. § 3231 was still in effect, and this predecessor statute unmistakably grants the same type of jurisdiction upon federal district courts." *Id*. at 967 (citations omitted).

The defendant in *United States v. Levy*, raised a similar argument regarding the Quorum Clause. Defendant argued "that Public Law 80–772, which became Title 18 of the United States Code (including § 3231), was enacted in violation of the Constitution," contending that "the Quorum Clause of the Constitution was violated when the House of Representatives voted on May 12, 1947, to pass H.R. 3190, which later became Public Law 80–772." *United States v. Levy*, 849 F. Supp. 2d 1353, 1354 (S.D. Fla. 2012). Defendant asserted "that the Quorum Clause was violated a second time when the Speaker of the House and the President pro tempore of the Senate signed Public Law 80–772 on June 23, 1948, four days after Congress adjourned." *Id*.

The court in *Levy* rejected defendant's argument despite his reliance on letters, an email, and an affidavit that discuss the enactment and legislative history of H.R. 3190. Petitioner relies on similar documentation in the instant case.[2] The court went on to find that:

> Even if Mr. Levy's extrinsic evidence could be considered, the challenge to § 3231 would nonetheless fail. Mr. Levy argues that the Quorum Clause was violated on May 12, 1947, because the House voted to pass H.R. 3190 by a vote of 38 to 6. But the

---

[2] The court noted that the documents include: a letter dated September 11, 2006, from Karen L. Haas, Clerk of the U.S. House of Representatives, stating that she was unable to find any evidence of a vote on May 12, 1947, on H.R. 3190 in the Journal of the House of Representatives and that the Congressional Record indicates that a quorum was not present when the House voted to amend H.R. 3190; an email from Harley G. Lappin, Director of the Federal Bureau of Prisons, to the Bureau's department heads, dated July 27, 2009, stating, among other things, that there is no record of a quorum being present in the House on May 12, 1947; a letter from Jeff Trandahl, Clerk of the U.S. House of Representatives, to a Charles R. Degan, dated June 28, 2000 (stating that, although Congress was in session on June 1, 3, 4, 7–12, and 14–19, 1948, Title 18 was not voted on those days); a letter from Nancy Erikson, Secretary of the Senate, to a Wayne E. Matthews, dated March 9, 2009 (stating that no action was taken by the Senate on H.R. 3190 prior to the December 10, 1947, *sine die* adjournment); a letter from the Office of the Clerk of the U.S. House of Representatives, dated August 24, 2010 (stating that H.R. 3190 was passed by the House and Senate on June 18, 1948, and became Public Law 80–772 on June 25, 1948); and an undated affidavit from a Tony Robert Davis, who works for a law firm in Texas (stating that the House library had confirmed that the information in Mr. Trandahl's letter was correct). *Levy*, 849 F. Supp. 2d at 1355.

> Congressional Record of the 80th Congress, 1st Session, does not indicate that H.R. 3190 was voted on by 44 Members of the House. Instead, the Congressional Record merely states that before the vote on the bill itself, the House voted 38 to 6 to include an amendment to the language of H.R. 3190. After the vote on the amendment, the record reflects that the bill was ordered to be engrossed, read for a third time, and passed. *See* 93 CONG. REC. 5049 (1947). Although the Congressional Record does not expressly state that a quorum was present when the House voted to pass H.R. 3190 or the final tally, it is clear that the 38 to 6 vote referenced by Mr. Levy was not the final House vote on the bill.
>
> More importantly, the Journal of the House of Representatives, the official record of the House, *see* 4 A. HINDS, PRECEDENTS OF THE HOUSE OF REPRESENTATIVES § 2727 (1907), indicates that a quorum was present when H.R. 3190 was passed on May 12, 1947. The Journal explicitly states that 297 Members were present on May 12, 1947, and that number constituted a quorum. *See* H. JOURNAL, 80th Cong., 1st Sess. 341(1947). The Journal also confirms that H.R. 3190 was read and passed by the House:
>> The bill, as amended, was ordered to be engrossed and read a third time, was read a third time by title, and passed.
>> *Ordered,* That the Clerk request the concurrence of the Senate in said bill.
>
> *Id.* at 343–44. Thus, the Journal of the House of Representatives establishes that a quorum was present on May 12, 1947, when the House voted to pass H.R. 3190. *Cf. United States v. Ballin*, 144 U.S. 1, 4, 12 S. Ct. 507, 36 L. Ed. 321 (1892) (if reference to the Journal of the House of Representatives can be made to determine whether a law was properly enacted, the Journal "must be assumed to speak the truth").

*Levy*, 849 F. Supp. 2d at 1356.

The court in *Levy* also rejected the argument that the Quorum Clause was violated when the Speaker of the House and the President pro tempore of the Senate signed Public Law 80–772 on July 23, 1948, "four days after Congress had adjourned *sine die*." *Id*. The court noted that defendant provided no legal support for the proposition that a bill properly passed by both Houses of Congress must be signed in open session with a quorum present. *Id*. The court also noted that House Concurrent Resolution 219 indicates that the Speaker of the House and the President pro

7

tempore of the Senate were authorized to sign enrolled bills after the congressional adjournment. *Id*.

Finally, the court in *Levy* found that the enrolled bill rule from the decision in *Marshall Field* was problematic for defendant. *Id*. at 1355. The "enrolled bill" rule, which was adopted by the Supreme Court in *Marshall Field & Co. v. Clark*, 143 U.S. 649 (1892), provides that once a bill has been signed by the Speaker of the House and by the President of the Senate, and then signed by the President of the United States, "its authentication as a bill that has passed Congress should be deemed complete and unimpeachable." *Cardenas-Celestino*, 552 F. Supp. 2d at 967. In *Marshall Field*, the Supreme Court rejected an attempt to show through evidence that a bill which passed both Houses of Congress was not the bill actually voted on (because it allegedly omitted a particular section contained in the bill). Petitioner attempts to distinguish his case, arguing that the enrolled bill in *Marshall Field* was signed "in open session," while Public Law 80–772 was signed during an adjournment pursuant to the joint resolution passed on June 20, 1948. In rejecting a similar argument, the court in *Levy* noted that although "*Marshall Field* dealt with a law signed in open session, some federal courts have relied on its reasoning to reject the type of attack made by Mr. Levy here." *Levy*, 849 F. Supp. 2d at 1355–56 (citing *United States v. Farmer*, 583 F.3d 131, 152 (2d Cir. 2009) ("We agree with the government that the enrolled bill rule [from *Marshall Field*] precludes Farmer's challenge to the validity of the Act of June 25, 1948, and we hold that the district court properly exercised jurisdiction pursuant to 18 U.S.C. § 3231."); *United States v. Miles*, 244 F. App'x 31, 33 (7th Cir. 2007) (relying on enrolled bill rule to reject challenge to validity of § 3231)).

Arguments similar to those made by Petitioner have been squarely rejected by all of the federal courts that have considered them. *See, e.g., Levy*, 849 F. Supp. 2d 1357 (finding no

factual or legal support for the contention that H.R. 3190 was passed by the House in contravention of the Constitution); *Rhodes v. United States*, No. 4:06–CR–00218, 2011 WL 2693571, at *1 (E.D. Ark. Jul. 12, 2011) (rejecting claim that a quorum was not present when the House voted on Public Law 80–772); *Turner v. United States*, No. 11–0327–WS–C, 2011 WL 5595939, at *5–6 (S.D. Ala. Sep. 8, 2011) (denying challenge to the jurisdiction of the court on the ground that the House vote on Public Law 80–772 was taken without a quorum); *Harris v. United States*, No. 11 CV 0044, 2011 WL 1365554, at *2 (W.D. La. Mar. 28, 2011) (argument that Title 18 does not exist because Congress did not have a quorum present for its vote is "unsupported," "conclusory," and "absurd"); *United States v. Lewis*, No. C 09–04300 SI, 2010 WL 3447702, at *2 (N.D. Cal. Aug. 30, 2010) (argument that Title 18 is invalid because its passage did not comply with the Quorum Clause of the Constitution is "plainly frivolous and does not justify relief from [petitioner's] conviction and sentence"). The Court agrees with the numerous courts that have rejected arguments like those made by Petitioner. The Court dismisses the Petition as legally frivolous and denies Petitioner's Request for Evidentiary Hearing (Doc. 3) and Request for Production of Documents (Doc. 4).

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed**.

**IT IS FURTHER ORDERED** that Petitioner's Request for Evidentiary Hearing (Doc. 3) and Request for Production of Documents (Doc. 4) are **denied.**

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 8th day of March, 2019.**

s/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
UNITED STATES DISTRICT JUDGE